CHARLES B. WELLS, Executor, *vs.* GEORGE DOANE & others.

A devise or bequest in remainder to such charities as shall be deemed most useful by the executor or administrator of one to whom the property is given for life is valid.

A clause in a will, expressing the testator's "will and intention that W. may dispose of the furniture, plate, pictures and all other articles now in my house, absolutely, as he may deem expedient, in accordance with my wishes as otherwise communicated by me to him," gives W. the absolute property in these articles, even though the will contain a previous residuary bequest to W. for life, with remainder over.

BILL IN EQUITY by the executor of Seth Wells and administrator with the will annexed of Caroline Doane (of which Seth Wells was named executor, but died without having been qualified to act as such) to obtain the instructions of the court as to the distribution or disposition of the property mentioned in the following clauses in the will of said Caroline :

"All the rest, residue and remainder of my estate, real, personal and mixed, I do hereby give, devise and bequeath to my nephew Seth Wells, to have and to hold the same during his life, and at his death the property thus devised to him as residuary legatee, or the proceeds thereof and that only, shall be given in such charities as shall be deemed most useful by the executor or administrator of the estate of the said Seth Wells ; giving hereby to the said Seth Wells the use, benefit and income of the property thus given to him as residuary devisee and legatee, and reserving the principal only as aforesaid, and giving him the right to sell, invest and reinvest the same during his life, as he may deem expedient."

"And it is my will and intention that the said Seth Wells may dispose of the furniture, plate, pictures and all other articles now in my house, absolutely, as he may deem expedient, in accordance with my wishes as otherwise communicated by me to him."

The bill alleged that the heirs at law of the testatrix had claimed the said residue of her estate, and required the plaintiff to pay and deliver the same to them, alleging that the residuary bequest of the same, to such charities as should be deemed most useful by the executor or administrator of the estate of Seth

Wells, was void and of no effect; with which request the plain-
tiff had refused to comply, insisting that he was empowered and
bound by the terms of the will to distribute and apply the said
residue to and for such charitable purposes as he should deem
most useful.

The plaintiff further stated that he was advised that, by the
terms of the will, all the furniture, plate, pictures and all the other
articles that were in the house of the testatrix, at the time of her
decease, vested in and became the absolute property of Seth
Wells; but this the heirs at law denied, and alleged that Seth
Wells took only a life estate in said property, with a power to
dispose of the same absolutely, which was never executed by
him, and that the same is part and parcel of the residue of the es-
tate of the said Caroline Doane.  But the plaintiff averred that
if the said furniture, plate, pictures and other articles, that were
within the house of the testatrix as aforesaid, were not the abso-
lute property of Seth Wells, he was duly authorized and empow-
ered to dispose of them absolutely, as he should deem expedient,
in accordance with the wishes of the testatrix, as they should be
made known to him; and that Seth Wells, after the decease of
the testatrix, did dispose of divers pictures and pieces of the
silver plate, and divers pieces of the furniture above mentioned,
according to what he believed to be the wishes of the testatrix,
and as he deemed to be expedient, by delivering them to the
persons severally, to whom he had reason to know, and believed
they were intended to be given by the testatrix; which the
plaintiff insisted that Seth Wells had the right and lawful au-
thority to do, by force of the bequest aforesaid.

A decree was entered that the bill be taken for confessed; and
the case was argued *ex parte* by *C. P. Curtis,* for the executor.

METCALF, J.*   The testatrix gave the use and income of cer-
tain property to Seth Wells during his life, and directed that at
his death the same property, or the proceeds of it, should be
given in such charities as should be deemed most useful by his
executor or administrator.  She then authorized him to dis-

---

* The chief justice did not sit in this case.

pose "absolutely" of specific parts of that property, namely, the furniture, plate, pictures and all other articles in her house, as he might deem expedient, according to her wishes otherwise communicated to him. He disposed of part of those articles, according to what he believed to be her wishes, by delivering them to persons to whom he had reason to know that she in-tended to give them. But he died before he had disposed of all those articles. If he had disposed of them all, it would not have been necessary to inquire whether the will gave them to him absolutely, or only for life; for no party denies that he had power to dispose of them by giving them absolutely, during his life. But, as part of those articles were not so disposed of by him, and as the heirs of the testatrix claim them, it becomes necessary to decide whether he had an absolute property in them, or only the use of them during life, with a bare power of disposing of them absolutely.

The claim of the heirs cannot be supported, unless they can maintain the position that the bequest to such charities as the complainant shall deem most useful is a void bequest. They cannot prevail by merely showing that Seth Wells had only the use for life of the specific articles in question; because, though they should succeed in showing that, yet, if the bequest to char-ities is valid, those articles must be applied by the complainant to those charities.

We have no doubt that the bequest to charities is valid. In *Chapman* v. *Brown,* 6 Ves. 410, Sir William Grant said: "A bequest to such charitable purposes as the executors shall think proper is a good bequest." And there are also adjudications of this court which are decisive of the point. *Going* v. *Emery,* 16 Pick. 107. *Brown* v. *Kelsey,* 2 Cush. 243.

So far therefore as this bill shows, the heirs of the testatrix have no legal or equitable claim on the complainant; and, as to them, the question whether Seth Wells took the furniture, &c. in the house absolutely, or for life only, is immaterial. But this question affects the duties of the complainant as executor of the will of Seth Wells, and as administrator with the will annexed of the testatrix. If the property in the furniture, &c. in the

house vested absolutely in Seth Wells, then that part of it which he did not dispose of must be administered as his estate. If he had only the use of it for life, then the whole of it is to be administered or accounted for as the estate of the testatrix. The complainant has therefore prayed the instruction and direction of the court in the matter.

Upon an examination and comparison of the authorities, we have come to the conclusion that the testatrix, after having made her general residuary bequest, intended to withdraw from its operation the articles in her house, and give them to Seth Wells, in the confidence that he would dispose of them, if he should find it expedient, conformably to wishes which she had communicated to him, but had not disclosed in her will. We understand the will just as we should if it had been thus: " I give all the residue of my property, except the articles in my house, to Seth Wells for life, and I authorize him to dispose of those articles absolutely, as he may deem expedient." On this understanding of the intention of the testatrix, our opinion is, upon the authorities, that the will gave him the absolute property in all those articles. *Martin* v. *Douch*, 1 Chan. Cas. 198. *Robinson* v. *Dusgate*, 2 Vern. 181. *Maskelyne* v. *Maskelyne*, Amb. 750. *Hixon* v. *Oliver*, 13 Ves. 108. *Barford* v. *Street*, 16 Ves. 139. `Bull` v. *Kingston*, 1 Meriv. 314. If part of the residue had first been given to him absolutely, and then the use of the other part, with a power to dispose of it as he might deem expedient, he would (according to the decision in *Espinasse* v. *Luffingham*, 9 Irish Eq. Rep. 129) have taken only a life interest in that other part, with a power of disposal. Such a difference in the form of the two bequests would have shown a difference of intention.